Compensation Appeals Board
No. 97-096

APPEAL OF THERESA RHULAND

(New Hampshire Compensation Appeals Board)

September 30, 1998

*Boynton, Waldron, Doleac, Woodman & Scott, P.A.*, of Portsmouth (*Francis X. Quinn, Jr.* on the brief and orally), for the petitioner.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Stephen J. Schulthess* on the brief and orally), for the respondent Rockingham County Nursing Home.

HORTON, J. The petitioner, Theresa Rhuland, appeals a decision of the New Hampshire Compensation Appeals Board (board) determining that her claim for temporary total disability benefits from the respondent, Rockingham County Nursing Home, is time-barred. *See* RSA 281-A:48 (Supp. 1997). We reverse.

The petitioner is a certified nursing assistant who worked at the Rockingham County Nursing Home until she suffered pain in her back and shoulder rendering her unable to return to work after

August 9, 1994. She subsequently filed a claim for workers' compensation benefits. After the respondent's insurance carrier denied her claim based on the lack of a causal relationship between her injury and her employment, the petitioner requested a formal hearing before the department of labor (DOL).

The DOL denied the petitioner's claim that either she suffered a new injury on August 9, 1994, or she suffered a recurrence in August 1994 of earlier work-related injuries. The petitioner appealed to the board, which held a *de novo* hearing on April 4, 1996. At the hearing, the petitioner argued, *inter alia*, that cumulative trauma from two prior work-related back injuries she suffered in February 1990 and January 1991 prevented her from returning to work after August 9, 1994.

In May 1996, the board ruled that the petitioner suffered from cumulative trauma arising out of and in the course of her employment, entitling her to temporary total disability benefits from August 1994 forward. In its decision, the board relied upon an independent medical examiner's observation that the petitioner's condition apparently arose from "trauma incurred in the course of work in February 1990 and had incompletely recovered when it was reaggravated by a second injury in January 1991." On July 26, 1996, the board denied the respondent's motion for rehearing, finding that "the claimant's medical condition emanates from the trauma incurred from the claimant's February 1990 work injury."

When the respondent failed to pay any workers' compensation benefits, the petitioner asked the DOL to order the respondent to pay her benefits in compliance with the board's May 1996 order. Noting the board's finding that the petitioner's "injury stemmed from a February 1990 work injury," the respondent responded for the first time that it would not pay any disability benefits because the "last disability benefits paid for that injury were more than four years prior to the claimant's filing of the petition for disability benefits which occurred on September 27, 1994." *See* RSA 281-A:48.

On August 26, 1996, the respondent appealed the board's May 1996 decision to this court. The notice of appeal is devoid of any reference to any defense based on the four-year filing period under RSA 281-A:48. This court subsequently declined to accept the respondent's appeal. *See Appeal of Rockingham County Nursing Home*, No. 96-558 (N.H. January 30, 1997).

On November 22, 1996, the DOL issued an order stating, in pertinent part:

> The [board] rules that the current disability stems from the February, 1990 injury. [Counsel for the Rockingham County

Nursing Home] indicates [in a letter dated August 20, 1996,] that benefits from the February, 1990 incident were last paid over four years ago. Consequently, according to RSA 281-A:48 . . . there can be no payment of disability benefits as this petition exceeded the four year statute. This matter was reviewed by the [board] and they concur with this result.

Prior to issuance of this order, the petitioner was not afforded an opportunity to rebut the respondent's allegation concerning the last payment of benefits and application of the four-year filing period.

On December 4, 1996, the petitioner moved for a rehearing. In January 1997, the board unanimously denied the petitioner's motion, ruling:

The [board] has previously reviewed a motion filed by your firm and rendered a decision on July 26, 1996, the Board having considered your motion in its entirety will not entertain your subsequent motion dated December 4, 1996 requesting another "Motion for Rehearing."

We note that the board erroneously concluded that the petitioner had previously filed a motion for rehearing on July 26, 1996. Rather, the *respondent* unsuccessfully moved for rehearing after the board ruled that the petitioner was entitled to temporary total disability benefits. Thus, the board failed to address the issues raised in the petitioner's motion for rehearing, relative to the applicability of the four-year filing period, before arbitrarily denying the motion. Moreover, the board neither addressed nor requested input from either party on whether the respondent may even raise the four-year filing period issue after the board had ruled in favor of the petitioner.

On appeal, the petitioner argues, *inter alia*, that the board erred in concluding that her claim for ongoing temporary total disability benefits was barred by the four-year filing period, *see* RSA 281-A:48, because: (1) the respondent failed to raise this defense at any level of the proceedings below; and (2) the board. decided this issue without offering her an opportunity to respond. The respondent contends, *inter alia*, that the petitioner failed to meet her burden of proving that her claim for disability benefits was not time-barred under RSA 281-A:48.

■■ We will not overturn an agency decision or order, absent an error of law, unless it is unjust or unreasonable. RSA 541:13 (1997); *see Appeal of AFSCME Local 3657*, 141 N.H. 291, 293, 681 A.2d 100,

102 (1996). When construing the workers' compensation statute, we resolve all reasonable doubts in favor of the claimant. *Appeal of Cote*, 139 N.H. 575, 578, 660 A.2d 1090, 1093 (1995).

RSA 281-A:48, I, states in pertinent part:

Any party at interest with regard to an injury occurring after July 1, 1965, may petition the commissioner to review a denial or an award of compensation made pursuant to RSA 281-A:40 by filing a petition with the commissioner not later than the fourth anniversary of the date of such denial or the last payment of compensation under such award . . . .

Assuming, without deciding, that the respondent raised the four-year filing period issue in a timely manner, we find that the board erred in ruling that the petitioner's claim was time-barred.

We have stated in workers' compensation cases that cumulative trauma does not become disabling until the injured worker is unable to continue working. *See Appeal of Briggs*, 138 N.H. 623, 631, 645 A.2d 655, 661 (1994). Specifically, in *Appeal of Briggs*, we noted:

Cumulative trauma . . . does not result in injury under New Hampshire law until the employee is unable to continue working. The same rule applies where the claimant has a preexisting condition not caused, but rather aggravated or exacerbated, by cumulative work-related activities. RSA 281:38-a, III (1987) thus requires that when the claimant is exposed to cumulative trauma resulting in disability, the employer at the time the disability arises bears the burden of any workers' compensation benefits owing.

*Id.* (citations omitted).

Here, the board found in May 1996 that the petitioner suffered from "cumulative trauma arising out of and in the course of her employment," entitling her to temporary total disability benefits from August 1994 forward. In its decision, the board relied upon an independent medical examiner's observation that the petitioner's condition apparently arose from "trauma incurred in the course of work in February 1990 and had incompletely recovered when it was reaggravated by a second injury in January 1991." The board subsequently denied the respondent's motion for rehearing, noting that the petitioner's medical condition "emanates from the trauma incurred from [her] February 1990 work injury." Contrary to the

50

respondent's argument, this ruling did not alter the board's prior conclusion that the petitioner suffered from cumulative trauma which became disabling in August 1994. Thus, the four-year filing period began to run as of August 1994 when the petitioner's cumulative trauma became disabling. Because the record clearly shows, and the respondent does not dispute, that the petitioner filed her workers' compensation claim within four years of August 1994, we reject the respondent's argument that the four-year filing period under RSA 281-A:48 bars her claim for relief.

■ Consequently, the board erred as a matter of law in concluding that RSA 281-A:48 bars the petitioner's claim for workers' compensation benefits. Accordingly, we reverse the board's decision and remand for an order requiring the respondent to pay the petitioner temporary total disability benefits from August 1994 forward consistent with the board's May 17, 1996, decision, as well as any other amounts to which the petitioner may be entitled. *See* RSA 281-A:44, I (Supp. 1997).

*Reversed and remanded.*

BRODERICK, J., sat but did not participate in the decision; the others concurred.